Elizabeth Wallworth, et al.
vs.                       No. 84062.
United Electric Railways Co.

February 23, 1932.

CAPOTOSTO, J. Action by the next of kin of Charles Wallworth who died some few days after being struck by an electric car on Broad street at or near the junction of Claverick street, in the City of Providence, in the late afternoon of December 18, 1929. The jury returned a verdict for the defendant. The plaintiff moves for a new trial upon the usual grounds.

It was a rainy afternoon; traffic was congested and weather conditions required the use of lights. The plaintiffs' intestate was crossing Broad street in an easterly direction intending to go through Claverick street to his home on Pine street. He succeeded in passing the outbound track but was struck by an inbound car and thrown to the ground in the space between the right side of the car and the curb. The only obvious sign of injury was a lump, about the size of a large walnut, on the front of the top of his head. Immediately after the accident the deceased was taken to the Rhode Island Hospital but insisted upon going home and, in fact, walked to his residence. He died a few days later of cerebral hemorrhage.

The plaintiffs maintain that Charles Wallworth was about in the middle of the inbound track proceeding towards the curb when the electric car, then some 45 feet away and coming at the rate of 10 to 15 miles an hour, carelessly ran into him.

The defendant claims that plaintiffs' intestate, walking with his head down, stepped onto the inbound track when the inbound car, which was proceeding slowly on account of weather and traffic conditions, was so close to him that the accident became unavoidable.

The evidence presents a conflict in words but not in fact. The plaintiffs rely upon the testimony of one witness to establish their case on the question of liability. This witness testified to many details which were not physically possible for her to observe. The manner in which she determined the positions of the deceased and the electric car at the time of the accident was, in fact, based upon an occurrence some few days later under entirely different conditions. Her testimony was the result of imaginary reconstruction rather than of recollection. It was also at variance with a signed statement which she had previously made. The testimony of the defendant is far more reasonable. There is slight, if any, real evidence of either due care or negligence, let alone any preponderance of proof upon these vital issues, in behalf of the plaintiff.

The Court regrets the unfortunate death of Charles Wallworth but can find no reason for disturbing the verdict of the jury.

Motion for a new trial denied.

For plaintiff: John P. Hartigan, John E. Mullen.

For defendant: Clifford Whipple, Earl Sweeney.